IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID SHAMONT LINDSEY,

                Plaintiff,

  v.

SHANE HEISER, NATHAN REBLIN,
JOSHUA RICHTER,
RYAN BANNERMAN,
and OFFICER JAZDZEWSKI,

                Defendants.

ORDER

20-cv-790-wmc

---

*Pro se* plaintiff David Shamont Lindsey contends that defendants violated his constitutional rights while investigating him for suspected drug crimes in 2017 and 2018, allegedly in retaliation for his complaint against defendant Nathan Reblin. There are two issues that require the court's attention.

*First*, Lindsey asks for a change of venue because he believes that he cannot be assured a fair and impartial jury trial here. (Dkt. #58.) In support, Lindsey states that he is no longer located within this district, but defendants remain here, and this venue remains convenient for them given their positions as state employees. He also points out that this court presided over his criminal case, but venue is still proper in this district court because this is where the events underlying Lindsey's claims occurred. *See* 28 U.S.C. § 1391(a),(b) (venue is proper in a district where one or more of the defendants reside or where a substantial part of events giving rise to a lawsuit occurred). In addition, the fact that defendants are state employees is not evidence that Lindsey cannot receive a fair trial, and the court holds no bias against Lindsey as a function of presiding over his criminal matter. Therefore, this motion is DENIED.

*Second*, Lindsey has also filed a motion seeking witness protection. (Dkt. #60.) In support, Lindsey describes events at his current institution, including that when he was moved

to a protective status, institution officials lost all his legal materials related to this case. Lindsey believes that institution officials may be taking steps to prevent him from litigating this case, and that he needs those materials to present the chronology of events related to his claims. To the extent Lindsey is asking the court to address his concerns about his safety and current conditions of confinement, this lawsuit does not relate to Lindsey's current conditions of confinement, so this court has no authority to issue any orders related to his terms of incarceration. Lindsey should direct his concerns to institution officials, who are in the best position to ensure his continued safety.

That said, Lindsey appears to have been separated from legal materials he needs to litigate this case. Accordingly, the clerk of court is directed to forward this text-only order to the United States Attorney's Office directing it to confer with FCI-Milan officials about the location of Lindsey's legal materials. By **September 8, 2023**, the United States Attorney's Office must provide the court a status report about Lindsey's legal materials. Based on that submission, the court will determine whether further intervention is necessary.

SO ORDERED.

Entered this 25th day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge